UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERTA SLAAEN and
JULIE HOAGLAN,
on behalf of themselves and
all others similarly situated,

   Plaintiffs,        Case No. 18-cv-1562

 v.

               **COLLECTIVE AND CLASS**
SENIOR LIFESTYLE CORPORATION    **ACTION PURSUANT TO**
303 East Wacker Drive, Suite 2400     **29 U.S.C. §216(b) AND**
Chicago, Illinois 60601        **AND FED. R. CIV. P. 23**

   and          **JURY TRIAL DEMANDED**

SL GREENFIELD, LLC
303 East Wacker Drive, Suite 2400
Chicago, Illinois 60601

   Defendants

## COMPLAINT

## PRELIMINARY STATEMENT

  1.  This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiffs, Roberta Slaaen and Julie Hoaglan, against Defendants, Senior Lifestyle

Corporation and SL Greenfield, LLC.

2.     Plaintiffs bring their FLSA and WWPCL claims and causes of action against Defendants on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt Caregiver, Health Unit Clerk, and Director-level employees of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.     Defendants operated (and continue to operate) an unlawful compensation system that deprived current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendants' unlawful compensation system failed to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in all current and former hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' regular rates of pay for overtime calculation purposes.

4.     Defendants' deliberate failure to compensate its hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees for hours worked at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*.,

Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants have substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

8. Plaintiff, Roberta Slaaen (hereinafter simply "Plaintiff Slaaen" when referred to individually), is an adult female resident of the State of Wisconsin with a post office address of 10621 West Hampton Avenue, Apt. 1, Milwaukee, Wisconsin 53225.

9. Plaintiff, Julie Hoaglan (hereinafter simply "Plaintiff Hoaglan" when referred to individually), is an adult female resident of the State of Wisconsin with a post office address of 6861 Crocus Court, Apt. 3, Greendale, Wisconsin 53129.

10. Defendant, Senior Lifestyle Corporation (hereinafter simply "Defendant Senior Lifestyle" when referred to individually), was, at all material times herein, a commercial entity with a principal address of 303 East Wacker Drive, Suite 2400, Chicago, Illinois 60601.

11. Defendant Senior Lifestyle provides memory care, skilled nursing, rehabilitation, assisted living, and housing services to primarily the elderly, aging, and geriatric population across the United States.

12. Defendant Senior Lifestyle provides the services listed in the immediately preceding Paragraph to the elderly, aging, and geriatric population via owned, operated, and managed locations and/or entities across the United States.

13.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle owned, operated, and managed over ten (10) locations and/or entities in the State of Wisconsin, including Defendant SL Greenfield.

14.     Defendant, SL Greenfield, LLC (hereinafter simply "Defendant SL Greenfield" when referred to individually), was, at all material times herein, a commercial entity with a principal address of 303 East Wacker Drive, Suite 2400, Chicago, Illinois 60601.

15.     Defendant SL Greenfield, also commonly known as "Hickory Park Independent Living," is an independent living and assisted living facility that provides housing, services, and care to the elderly, aging, and geriatric population.

16.     Defendant SL Greenfield's physical location in the State of Wisconsin is located at 3933 South Prairie Hill Lane, Greenfield, Wisconsin 53228.

17.     For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

18.     For purposes of the WWPCL, Defendants were "employers" of Plaintiffs, and Plaintiffs were "employed" by Defendants, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

19.     During the relevant time periods as stated herein, Defendants, both collectively and individually, were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

20.     During the relevant time periods as stated herein, Defendants, both collectively and individually, employed more than two (2) employees.

21.     During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, both collectively and individually, exceeded $500,000.

22.     During the relevant time periods as stated herein, Plaintiffs were engaged in commerce or in the production of goods for commerce.

23.     Plaintiffs' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) are contemporaneously filed with this Complaint (ECF No. 1).

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs worked as hourly-paid, non-exempt Caregivers, Health Unit Clerks, and/or Director-level employees at Defendants.

25.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees who work at, worked at, and/or were employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiffs performed similar job duties as other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees who work at, worked at, and/or were employed by Defendants and who were subjected to Defendants' same unlawful policies as enumerated herein.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees on whose behalf they bring this Complaint performed compensable work on behalf of Defendants and at the direction of Defendants and/or with Defendants' knowledge.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiffs' and all other hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' day-to-day activities.

28.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees.

29.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants had the ability and authority to review Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees.

30.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiffs' and all other hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' work schedules and provided Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees with work assignments and hours of work.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle established the terms, conditions, work rules, policies, and procedures by which Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees abided in the workplace, including those work rules, policies, and procedures found in Defendant Senior Lifestyle's "Employee Handbook."

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle oversaw, managed, and adjudicated Plaintiffs' and all other hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' employment-related questions, benefits-related questions, and workplace issues.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle compensated Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees for hours worked and/or work performed, including other non-discretionary forms of compensation, such as bonuses, commissions, incentives, and/or other monetary rewards.

## GENERAL ALLEGATIONS

34.     On or about June 20, 2011, Defendant Senior Lifestyle hired Plaintiff Slaaen into the position of Caregiver working at Defendant SL Greenfield.

35.     During Plaintiff Slaaen's employment with Defendants, Defendant Senior Lifestyle established the terms, conditions, work rules, policies, compensation, and procedures by which Plaintiff Slaaen abided in the workplace.

36.     Subsequent to on or about June 20, 2011, Plaintiff Slaaen performed compensable work in the position of Caregiver at Defendant SL Greenfield on behalf of Defendants and/or at Defendants' direction.

37.     During Plaintiff Slaaen's employment with Defendants, Defendants promoted Plaintiff Slaaen from the position of Caregiver to Health Unit Clerk.

38.     During Plaintiff Slaaen's employment with Defendant, Plaintiff Slaaen performed compensable work in the position of Health Unit Clerk on behalf of Defendants and/or at Defendants' direction.

39.     In approximately July 2016, Defendants promoted Plaintiff Slaaen from the position of Health Unit Clerk to the position of Director of Dining.

40.     On or about August 22, 2018, Plaintiff Slaaen's employment with Defendants ended.

41.     During Plaintiff Slaaen's employment with Defendants and in the positions of Health Unit Clerk, and Director of Dining, Plaintiff Slaaen reported directly to Noel Pakulski, Defendant SL Greenfield's Executive Director, who reported directly to individuals employed by Defendant Senior Lifestyle.

42.     In approximately October 2015, Defendant Senior Lifestyle hired Plaintiff Hoaglan into the position of Caregiver working at Defendant SL Greenfield.

43.     During Plaintiff Hoaglan's employment with Defendants, Defendant Senior Lifestyle established the terms, conditions, work rules, policies, compensation, and procedures by which Plaintiff Hoaglan abided in the workplace.

44.     From approximately October 2015 to January 2017, Plaintiff Hoaglan performed compensable work in the position of Caregiver at Defendant SL Greenfield on behalf of Defendants and/or at Defendants' direction.

45.     In approximately January 2017, Defendants promoted Plaintiff Hoaglan to the position of Health Unit Clerk.

46.     From approximately January 2017 to early July 2017, Plaintiff Hoaglan performed compensable work in the position of Health Unit Clerk at Defendant SL Greenfield on behalf of Defendants and/or at Defendants' direction.

47.     In approximately early July 2017, Plaintiff Hoaglan resigned her employment with Defendants.

48.     During Plaintiff Hoaglan's employment with Defendants, Plaintiff Hoaglan reported directly to Defendant SL Greenfield's Directors of Nursing, Kay Johnson, Megan Krohn, and Ashley Hall. These individuals reported directly to Noel Pakulski, Defendant SL Greenfield's Executive Director, who reported directly to individuals employed by Defendant

Senior Lifestyle. At times during Plaintiff Hoaglan's employment with Defendants, Plaintiff Hoaglan reported directly to Pakulski.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees worked at locations and/or entities that were owned, operated, and managed by Defendant Senior Lifestyle.

50.     During Plaintiffs' employment with Defendants, Plaintiffs performed compensable work in the hourly-paid, non-exempt positions of Caregivers, Health Unit Clerk, and/or Director.

51.     Plaintiff Slaaen performed compensable work in the positions of Caregiver, Health Unit Clerk, and Director on behalf of Defendants and/or at Defendants' direction during her employment with Defendants.

52.     Plaintiff Hoaglan performed compensable work in the positions of Caregiver and Health Unit Clerk on behalf of Defendants and/or at Defendants' direction during her employment with Defendants.

53.     During Plaintiffs' employment with Defendants, Plaintiffs were hourly-paid, non-exempt employees.

54.     All other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees employed by Defendants who worked in the State of Wisconsin and at other locations and/or entities across the Unites States were employed in non-exempt, hourly compensated positions.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle maintained employment records and other documentation regarding Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees.

56.     During Plaintiffs' employment with Defendants and in their hourly-paid, non-exempt positions of Caregivers, Health Unit Clerks, and/or Director, Defendant Senior Lifestyle provided her with an Employee Handbook, which was titled either, "Employee Handbook – Senior Lifestyle Corporation," or, "Employee Handbook – Senior Lifestyle" (hereinafter simply Defendant Senior Lifestyle's "Employee Handbook").

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle's Employee Handbook was given to all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees employed by Defendants across all of Defendant Senior Lifestyle's entities and/or locations in the State of Wisconsin and across the United States.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the employment policies as contained in Defendant Senior Lifestyle's Employee Handbook governed the terms and conditions of Plaintiffs' and all other hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' employment with Defendants.

59.     Defendant Senior Lifestyle's Employee Handbook stated, in part: "Welcome to your new position at a Senior Lifestyle Corporation affiliated community. Thank you for joining our winning team!"

60. Defendant Senior Lifestyle's Employee Handbook stated, in part: "Senior Lifestyle Corporation and its affiliates (hereinafter, 'SLC' or the 'Company') have been established to provide the highest level of services and care to our residents in a hospitable and efficient manner."

61. Defendant Senior Lifestyle's Employee Handbook stated, in part: "While no handbook can answer every question, this handbook should provide answers to most of the questions you may have about the Company's benefit programs, employment policies and procedures. … [Y]our performance evaluations will reflect your adherence to its contents and the Company's related policies and procedures."

62. Defendant Senior Lifestyle's Employee Handbook stated, in part: "This handbook is provided to introduce you to the Company's policies, procedures, services and benefits so that you can make the most of your career at SLC."

63. Defendant Senior Lifestyle's Employee Handbook stated, in part: "All Company employees are expected to follow the policies and procedures outlines in this handbook."

64. Defendant Senior Lifestyle's Employee Handbook stated, in part: "This policies in this handbook are intended for all Company employees."

65. Defendant Senior Lifestyle's Employee Handbook stated, in part: "Since 1985, SLC has been a developer and manager of residential, assisted living, memory care and skilled nursing care communities for seniors. SLC is currently operating in many states throughout the United States."

66. Defendant Senior Lifestyle's Employee Handbook stated, in part: "Generally, if you are a 'non-exempt' employee and you perform overtime work you will be paid one and one-half (1-1/2) your regular hourly wage for any time worked over 40 hours per week."

67.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees.

68.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees for all remuneration earned.

69.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees frequently worked in excess of forty (40) hours per workweek.

70.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees frequently worked in excess of forty (40) hours per workweek.

71.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Senior Lifestyle tracked and/or recorded Plaintiffs' and all other hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' hours worked each workweek.

72.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees on a bi-weekly basis via paycheck.

73.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

74.     Plaintiffs bring this action on behalf of themselves and all current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees of Defendants who were employed at any of Defendant Senior Lifestyle's entities and/or locations in the State of Wisconsin and across the United States within the last three (3) years from the date of filing of this Complaint and who were subject to the same unlawful policies, practices, customs, and/or schemes, including Defendants' failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in their regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

75.     Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees of Defendants on whose behalf they bring these FLSA and WWPCL claims and causes of action in this Complaint were non-union employees of Defendants.

76.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees of Defendants were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

77.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not compensate Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees at an overtime rate of pay (including at the correct overtime rate of pay) for all hours worked and work performed in excess of forty (40) hours in a workweek.

78.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees for all work performed and for hours actually worked, including at an overtime rate of pay (including at the correct overtime rate of pay) for all hours worked in excess of forty (40) in a workweek.

79.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful pay practices as described herein resulted in Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

80.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees at an overtime rate of pay (including at the correct overtime rate of pay) for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

81.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **FLSA Collective**:  All current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees employed by Defendants within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendants' failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in said employees' regular rates of pay for overtime calculation purposes.

82.     Plaintiffs and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

83.     Plaintiffs and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

84.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include all forms of non-discretionary compensation in Plaintiffs' and all other current and former hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' regular rates of pay for overtime compensation purposes.

85.     Defendants operated (and continues to operate) an unlawful compensation system that deprives current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees, including Plaintiffs, of their wages earned for all compensable work

performed each workweek including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendants' unlawful compensation system fails to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in all current and former hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' regular rates of pay for overtime calculation purposes.

86.     Defendants' deliberate failure to properly compensate its hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees in such a fashion violates federal law as set forth in the FLSA.

87.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees with, in addition to an hourly or regular rate(s) of pay, other non-discretionary forms of compensation, such as performance bonuses, commissions, attendance bonuses, hiring/retention bonuses, incentives, and/or other monetary rewards.

88.     The non-discretionary forms of compensation with which Defendants routinely compensated Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees were in the form of performance bonuses, commissions, attendance bonuses, hiring/retention bonuses, incentives, and/or other rewards.

89.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants routinely compensated Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees with non-discretionary forms of compensation on a bi-weekly and/or monthly basis.

90.     The non-discretionary forms of compensation that Defendants routinely compensated Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees with on a bi-weekly and/or monthly basis within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), were non-discretionary monetary payments, performance-based monetary bonuses, and/or commissions payments.

91.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary payments Defendants routinely compensated Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees with were non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

92.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to include the aforementioned non-discretionary forms of compensation in Plaintiffs' and all other current and former hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' regular rates of pay when determining overtime compensation due to them during workweeks when said employees worked more than forty (40) hours during the representative time period.

93. Defendants' unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

94. Defendants were or should have been aware that its unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiffs and all other current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

95. Defendants, as a matter of practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes. Thus, these practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

96. Plaintiffs' FLSA Cause of Action is brought under and maintained as opt-in Collective Actions Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

97. Plaintiffs and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with

overtime compensation. Plaintiffs' claims and causes of action as stated herein are the same as those of the FLSA Collective.

98.     Plaintiffs and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendants' practice of failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

99.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

100.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

101.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Wisconsin Class**: All current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees employed by Defendants in the State of Wisconsin within the two (2) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendants' failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in said employees' regular rates of pay for overtime calculation purposes.

102.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

103.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one-hundred (100) members of the Wisconsin Class.

104.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiffs and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

105.     Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

106. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

107. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

108.     Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

109.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (a) Whether Defendants' compensated the Wisconsin Class with non-discretionary monetary payments; (b) Whether Defendants maintained an unlawful compensation system that failed to include these performance-based monetary bonuses and/or commissions payments current and former hourly-paid, non-exempt Caregivers', Health Unit Clerks', and Director-level employees' regular rates of pay for overtime calculation purposes; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

110.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### <u>(Plaintiffs on behalf of themselves and the FLSA Collective)</u>

111.    Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

112.    At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

113.    At all times material herein, Defendants were employers of Plaintiffs and the FLSA Collective as provided under the FLSA.

114.    At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendants as provided under the FLSA.

115.    Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

116.    Defendants violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

117.    Defendants violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour she/he worked in excess of forty (40) hours each workweek.

118.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

119. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

120. Defendants' failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly include non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendants also have not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

121. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and the FLSA Collective for which Defendants is liable pursuant to 29 U.S.C. § 216(b).

122. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

123. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### <u>(Plaintiffs, on behalf of themselves and the Wisconsin Class)</u>

124.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

125.    At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

126.    Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

127.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

128.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

129.    Defendants willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

130.    As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly,

Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

131. Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees who worked at and/or were employed at Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt Caregivers, Health Unit Clerks, and Director-level employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 3rd day of October, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ *Scott S. Luzi* _____

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009
Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com
mtobin@walcheskeluzi.com