UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ROBERTA SLAAEN and
JULIE HOAGLAN,
on behalf of themselves and
all others similarly situated

        Plaintiffs,

  v.

SENIOR LIFESTYLE CORPORATION, *et al.*

        Defendants

Case No.: 18-cv-1562

---

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

---

      Plaintiffs, Roberta Slaaen and Julie Hoaglan, on behalf of themselves and all others similarly-situated, and Defendants, Senior Lifestyle Corporation and SL Greenfield, LLC, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 75-1.)

      Accordingly, the parties request that the Court:

      1.     Approve the parties' settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

      2.     Approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

      3.     Approve the settlement payments to the Settlement Class;

      4.     Instruct Defendants' counsel to provide Plaintiffs' counsel with settlement checks for the Settlement Class within twenty-one calendar (21) days of this Order;

5. Instruct Plaintiffs' counsel to send the settlement checks and settlement correspondence (in a form that is substantially similar to that which is attached to the parties' settlement agreement as Exhibits 2, 3, and 4) to the Settlement Class via U.S. Mail within ten calendar (10) days of Plaintiffs' counsel receipt of the settlement checks from Defendants' counsel;

6. Instruct that the Settlement Class has one hundred eighty (180) days to negotiate or cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

7. Instruct that any Settlement Class member who negotiates or cashes their settlement checks is bound by the settlement;

8. Grant Plaintiffs' counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (Docket #84), and approve Plaintiffs' counsel's requested attorneys' fees and costs in the amount of $302,492.14;

9. Grant Plaintiffs' unopposed Motion for Approval of Plaintiffs' Service Awards, (Docket #90), and approve Service Payments in the amounts of $7,500.00 to Plaintiff Roberta Slaaen and $7,500.00 to Plaintiff Julie Hoaglan; and

10. Dismiss this case on the merits with prejudice.

**SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION**

On December 31, 2019, the parties filed their Joint Motion for Preliminary Approval of Settlement, (ECF No. 75), and their fully executed "Settlement Agreement and Release." (ECF No. 75-1.)

For settlement purposes only, the parties sought certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for all individuals who have already opted-in to this case, defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt individuals employed by Defendants at any one of SLC's affiliated Senior Living Communities in the United States between October 3, 2015 and October 3, 2018 who received non-discretionary remuneration that was not included in their regular rate(s) of pay for overtime compensation purposes in workweeks when said employees worked in excess of forty (40) hours during the representative time period for which the nondiscretionary remuneration covered.

(ECF No. 75; ECF No. 37-1.)

For settlement purposes only, the parties also sought certification of a class under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* (the "WWPCL") and Fed. R. Civ. P. 23 ("Rule 23"), defined as follows (hereinafter, the "Rule 23 Class"):

> All current and former hourly-paid, non-exempt individuals working for Defendants in the State of Wisconsin within the two (2) years prior to this action's filing who worked more than forty (40) hours in a workweek and who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, that was not included in the regular rate for overtime compensation.

(ECF No. 75; ECF No. 75-1, ¶ 1.)

On January 3, 2020, this Court preliminarily approved the parties' settlement. (ECF No. 79.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiffs' Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and Rule 23 Class;

(3) Appointed, for settlement purposes only, Plaintiffs, Roberta Slaaen and Julie Hoaglan, as the Class Representatives for the FLSA Collective and Rule 23 Class;

(4) Approved the parties' "Notice of Class Action Settlement" sent to members of the Rule 23 Class in a form that is substantially similar to that which is attached to the Settlement Agreement as Exhibit 1;

(5) Approved the distribution method of the "Notice of Class Action Settlement" sent to members of the Rule 23 Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law, (ECF No. 75-1, ¶ 2; ECF No. 78, ¶ 19);

(6) Ordered that Class Counsel send the "Notice of Class Action Settlement" to members of the Rule 23 Class no later than ten (10) calendar days after the Court's preliminary approval of the Settlement Agreement, (ECF No. 75-1, ¶ 17);

(7) Ordered that members of the Rule 23 Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class Action Settlement" to opt-out of the Rule 23 Class (hereinafter the "Notice Period"), (ECF No. 75-1, ¶ 17);

(8) Ordered that within seven (7) calendar days of the end of the Notice Period, Class Counsel provide to Defendants' counsel the name, address, telephone number, and employee identification number of each individual who opts-out of the Rule 23 class, (ECF No. 75-1, ¶ 2);

(9) Approved the parties' settlement correspondence that will be sent to members of the FLSA Collective and members of Rule 23 Class who do not opt-out of the Settlement Agreement (hereinafter the "Settlement Class") after final approval of the Settlement Agreement in a form that is substantially similar to that which is attached to the Settlement Agreement as Exhibits 2, 3, and 4; and

(10) Approved the distribution method of the settlement correspondence that will be sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law, (ECF No. 75-1, ¶ 2; ECF No. 78, ¶ 19).

The Court has scheduled a Fairness Hearing for April 8, 2020. (ECF No. 79.)

On January 13, 2020, Plaintiffs' counsel sent the "Notice of Class Action Settlement" via U.S. Mail to members of the Rule 23 Class. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 23.) Rule 23 Class members had thirty (30) calendar days after January 13, 2020 – or until February 12, 2020 – to opt-out of the Rule 23 Class (hereinafter simply, the "Rule 23 Notice Period"). (*Id*) By the end of the Rule 23 Notice Period, only two individuals chose to opt-out of the Rule 23 Class. (*Id.*) Within seven (7) calendar days of the end of the Rule 23 Notice Period, Plaintiffs' counsel provide to Defendants' counsel the name, address, telephone number, and employee identification number of the two individuals who opted-out of the Rule 23 Class. (*Id.*) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 26.)

In total: there are a total of eighty-three (83) individuals who are Rule 23 Class members and who also opted-in to the FLSA collective; there are a total of two hundred and ninety-three (293) individuals who opted-in to the FLSA collective only; and there are a total of eight hundred and twenty-five (825) individuals who comprise the Rule 23 Class (inclusive of the eighty-three (83) individuals who are Rule 23 Class members and who also opted-in to the FLSA collective), including nineteen (19) Director-level positions and eight hundred and six (806) non-Director-level positions. (ECF No. 75-1, ¶ 5 and Exhibit 5; Luzi Decl., ¶ 25.) One of individuals who chose to opt-out of the Rule 23 Class was a Director-level position, and the other individual who chose to opt-out of the Rule 23 Class was a non-Director-level position. (Luzi Decl., ¶ 23.) Thus, a total of one thousand one hundred and eighteen (1,118) individuals comprise the Settlement Class in this case: the individuals who opted-in to the FLSA Collective and the individuals who did not opt-out of the Rule 23 Class. (ECF No. 75-1, ¶ 2.)

## SETTLEMENT CALCULATIONS

Defendants have agreed to pay a total monetary amount of $440,000.00 to members of Settlement Class, inclusive of Plaintiffs' counsel's requested attorneys' fees and costs in the amount of $302,492.14, and Plaintiffs' requested service payments, totaling $15,000.00. (ECF No. 75-1, ¶¶ 5-6.)

Thus, a monetary settlement fund of approximately $122,507.86 remains for the Settlement Class. Specifically, the settlement fund to the Settlement Class will be divided as follows:

(1) Individuals who comprise both the FLSA collective and Rule 23 Class will be allocated with monetary amounts that fairly and accurately represent their individual and actual overtime damages owed for the three-year statutory period under the FLSA, for a total monetary amount of $12,255.35. (ECF No. 75-1, ¶ 5.) The individual monetary amounts are listed in Exhibit 5 of the parties' "Settlement Agreement and Release" filed with this Court. (ECF No. 75-1.)

(2) Individuals who have opted-in to the case and who comprise the FLSA collective only will be allocated monetary amounts that fairly and accurately represent their individual and actual overtime damages owed for the two-year statutory period under the FLSA, in addition to a monetary amount representative of pre-judgment interest, for a total monetary amount of $39,860.03. (ECF No. 75-1, ¶ 5.) The individual monetary amounts are listed in Exhibit 5 of the parties' "Settlement Agreement and Release" filed with this Court. (ECF No. 75-1.)

(3) Individuals who comprise only the Rule 23 Class will be allocated with monetary amounts that fairly and accurately represent their individual and actual overtime damages owed for the two-year statutory period under the WWPCL, for a total monetary amount of $69,573.84

– $14,250.00 to nineteen (19) Director-level positions and $55,323.84 to eight hundred and six (806) non-Director-level positions. (ECF No. 75-1, ¶ 5.) The monetary amounts are listed in Exhibit 5 of the parties' "Settlement Agreement and Release" filed with this Court. (ECF No. 75-1.) (Luzi Decl., ¶¶ 23-25.)

Thus, upon approval by this Court, Defendants will pay a monetary settlement fund of approximately $121,689.22 to the Settlement Class, in addition to Plaintiffs' counsel's requested attorneys' fees and costs in the amount of $302,492.14, and Plaintiffs' requested service payments, totaling $15,000.00. (Luzi Decl., ¶¶ 20, 24.)

## **REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

Upon final approval of the parties' settlement by this Court, Defendants' counsel will provide Plaintiffs' counsel with settlement checks for the Settlement Class within twenty-one calendar (21) days of the Court's Order entry. (ECF No. 75-1, ¶ 5.) Once Plaintiffs' counsel receives the settlement checks from Defendants' counsel, Plaintiffs' counsel will send the settlement checks and settlement correspondence (in a form that is substantially similar to that which is attached to the parties' settlement agreement as Exhibits 2, 3, and 4) to the Settlement Class via U.S. Mail as soon as practicable, but no later than ten calendar (10) days thereafter. (Luzi Decl., ¶ 21.) Settlement Class members will have one hundred eighty (180) days to negotiate or cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendants), and any Settlement Class member who negotiates or cashes their settlement checks is bound by the terms of the parties' settlement. (ECF No. 75-1, ¶ 5.)

# ARGUMENT

## I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S.

315 (1999)).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a bona fide dispute over whether Defendants violated the FLSA and the WWPCL as alleged by Plaintiffs, including disputes on joint employer, liability, class and collective certification, and damages. The ultimate resolution of this matter was reached during almost three (3) full months of arms-length settlement negotiations between counsel for the parties between approximately September 2019 and December 2019. (Luzi Decl., ¶¶ 17-18.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiffs' cause(s) of action and Defendants' defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id*.) The result of those negotiations has resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 75-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed Plaintiffs' claims against Defendants under the FLSA and the WWPCL. (Luzi Decl., ¶¶ 14-18.) While Plaintiffs maintain a strong belief in their positions on liability, class and collective treatment, and damages, they also recognize the weaknesses and potential issues on which they would be required to prevail if the case proceeded to trial, including establishing that Senior Lifestyle Corporation is a joint employer, that the bonuses and other compensation were nondiscretionary and thus would be included in overtime compensation, that the nationwide collective actually are similarly situated for purposes of final certification, that Defendants did not act in good faith, and that Defendants willfully violated the FLSA and the WWPCL of a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely

result in material adverse effects on Plaintiffs' claims, if not bar recovery in total. (*Id*. at ¶ 17.)

Considering the number of issues faced, Plaintiffs recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*. at ¶ 17.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on nationwide depositions immediately before settlement that would have required significant investment from all parties and their counsel before dispositive motions and trial. Even if Plaintiffs were to prevail at trial, there is still the prospect that Defendants would appeal any number of the issues mentioned and only further delay any recovery for Plaintiffs. (*Id*. at ¶ 17.)

Ultimately, Plaintiffs' counsel believes that this is an excellent result for Plaintiffs and the Settlement Class in that the Settlement Class will receive monetary amounts that fairly and accurately represent their individual and actual overtime damages owed for the two-year statutory period under the WWPCL and/or for the three-year statutory period under the FLSA. (ECF No. 75-1, ¶ 5; Luzi Decl., ¶ 24.) Thus, the overall balance supports approval of settlement. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006).

The settlement will provide Plaintiffs and the Settlement Class with a significant recovery while eliminating the risks and costs both Plaintiffs and Defendants would bear if this litigation continued to a decision on the merits. (Luzi Decl., ¶ 17.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 26.)

## III. PLAINTIFFS' SERVICE PAYMENTS AND PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, Wis. Stat. §109.03(6). As a result of this litigation and in furtherance of its resolution, the parties' settlement provides Plaintiffs' counsel attorneys' fees and costs in an amount not to exceed $302,492.14. (ECF No. 75-1, ¶ 6.) This total amount is representative of (and actually less than) Plaintiffs' counsel's actual hourly rates, multiplied by the hours expended litigating and resolving this matter, including costs, to date and through the Fairness Hearing and the ultimate resolution of this matter. (Luzi Decl., ¶ 21.)

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiffs' counsel has filed a Motion for Approval of Attorneys' Fees and Costs in the total amount of $302,492.14. (ECF No. 84), and Plaintiffs have filed a Motion for Approval of Plaintiffs' Service Awards in the total amount of $15,000.00, (ECF No. 90.) Defendants have agreed not to oppose these Motions. (ECF No. 75-1, ¶ 6.)

# CONCLUSION

For all of the reasons above, the parties respectfully request that this Court:

1. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

2. Approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

3. Approve the settlement payments to the Settlement Class;

4. Instruct Defendants' counsel to provide Plaintiffs' counsel with settlement checks for the Settlement Class within twenty-one calendar (21) days of this Order;

5. Instruct Plaintiffs' counsel to send the settlement checks and settlement correspondence (in a form that is substantially similar to that which is attached to the parties' settlement agreement as Exhibits 2, 3, and 4) to the Settlement Class via U.S. Mail within ten calendar (10) days of Plaintiffs' counsel receipt of the settlement checks from Defendants' counsel;

6. Instruct that the Settlement Class has one hundred eighty (180) days to negotiate or cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

7. Instruct that any Settlement Class member who negotiates or cashes their settlement checks is bound by the settlement;

8. Grant Plaintiffs' counsel's unopposed Motion for Approval of Attorneys' Fees and Costs, (Docket #84), and approve Plaintiffs' counsel's requested attorneys' fees and costs in the amount of $302,492.14;

9. Grant Plaintiffs' unopposed Motion for Approval of Plaintiffs' Service Awards, (Docket #90), and approve Service Payments in the amounts of $7,500.00 to Plaintiff Roberta Slaaen and $7,500.00 to Plaintiff Julie Hoaglan; and

10. Dismiss this case on the merits with prejudice.

Dated this 24th day of March, 2020

| | |
|---|---|
| *s/ Scott S. Luzi* | *s/ Alexander M. Baggio* |
| James A. Walcheske, SBN 1065635 | Mark T. Berhow, MN SBN 031450X |
| Scott S. Luzi, SBN 1067405 | Alexander M. Baggio, MN SBN 0389912 |
| David M. Potteiger, SBN 1067009 | |
| WALCHESKE & LUZI, LLC | HINSHAW & CULBERTSON LLP |
| 15850 W. Bluemound Road, Suite 304 | 333 South Seventh Street, Suite 2000 |
| Brookfield, Wisconsin 53005 | Minneapolis, Minnesota 55402 |
| Telephone: (262) 780-1953 | Telephone: (612) 333-3434 |
| E-mail: jwalcheske@walcheskeluzi.com | E-mail: mberhow@hinshawlaw.com |
| E-mail: sluzi@walcheskeluzi.com | E-mail: abaggio@hinshawlaw.com |
| E-mail: dpotteiger@walcheskeluzi.com | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |